**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4024**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

DAVID LEE WALLACE,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:11-cr-00109-1)

─────────────

Submitted:  August 27, 2012          Decided:  October 17, 2012

─────────────

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Mary Lou Newberger, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant.  R. Booth Goodwin, II, United States Attorney, William Bryan King, II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lee Wallace appeals from the district court's judgment after his conditional guilty plea to possession with intent to distribute hydrocodone. Wallace reserved the right to challenge the district court's suppression ruling. On appeal, he raises the issue of whether officers had reasonable suspicion to believe that he "was engaged in criminal conduct when they tackled him following his flight from another officer who was in plain clothes and an unmarked vehicle." We affirm.

We review the district court's legal conclusions de novo and its factual findings for clear error. United States v. Massenburg, 654 F.3d 480, 485 (4th Cir. 2011). We review the district court's reasonable suspicion determination de novo, and we construe the evidence in the light most favorable to the Government, the prevailing party below. United States v. Powell, 666 F.3d 180, 183, 186-87 (4th Cir. 2011).

Under the Fourth Amendment, a brief investigatory detention or stop must be supported "by a reasonable and articulable suspicion that the person seized is engaged in criminal activity." Reid v. Georgia, 448 U.S. 438, 440 (1980). Reviewing courts must look at the totality of the circumstances to determine whether an officer had a particularized and objective basis for suspecting criminal activity. United States v. Arvizu, 534 U.S. 266, 273 (2002). Because the

2

reasonable suspicion standard is an objective one, we examine the facts within the knowledge of the officer to determine the presence or nonexistence of reasonable suspicion. United States v. Digiovanni, 650 F.3d 498, 511 (4th Cir. 2011).

Although an officer's reliance on a mere hunch is insufficient to justify a stop, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard. Arvizu, 534 U.S. at 274 (citations and quotation marks omitted). Moreover, while a collection of factors susceptible of innocent explanation may form the particularized and objective basis for suspecting criminal activity, id. at 277-78, we have expressed our concern about the inclination of the Government toward using whatever facts are present, no matter how innocent, as indicia of suspicious activity. United States v. Foster, 634 F.3d 243, 248 (4th Cir. 2011). Thus, the Government must do more than simply label a behavior as suspicious to make it so, but must either articulate why a particular behavior is suspicious or logically demonstrate, given the surrounding circumstances, that it is likely to be indicative of some more sinister activity. Id.

We have reviewed the record and the parties' briefs and conclude that officers had reasonable and articulable suspicion that Wallace was engaged in criminal activity when

3

they stopped him.  See <u>Illinois v. Wardlow</u>, 528 U.S. 119, 124 (2000); <u>United States v. Haye</u>, 825 F.2d 32, 34 (4th Cir. 1987).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>